UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Petitioner | ) | |
| v. | ) | No. 2:18-mc-00100-DBH |
| | ) | |
| SUSAN WILLIAMSON, | ) | |
| | ) | |
| Respondent | ) | |

### RECOMMENDED DECISION ON PETITION
### TO ENFORCE IRS SUMMONS

On April 18, 2018, the government filed a petition pursuant to 26 U.S.C. §§ 7402(b) and 7604(a) to enforce an Internal Revenue Service ("IRS") summons that had been served upon respondent Susan Williamson on August 17, 2017. *See* Petition To Enforce Internal Revenue Service Summons ("Petition") (ECF No. 1).[1] The following day, I ordered Williamson to appear before the court on May 30, 2018, to show cause why she should not be compelled to comply with the summons. *See* ECF No. 3. The day before that hearing, on May 29, 2018, the government filed the first of three motions, all of which I granted, for a continuance of the hearing to enable Williamson's voluntary compliance with the IRS summons. *See* ECF Nos. 4-12.

Williamson neither complied with the summons nor appeared for the hearing ultimately scheduled for September 17, 2018. The government then filed a Motion for Issuance of Report and Recommendation Enforcing Internal Revenue Service Summons ("Motion") (ECF No. 13). I grant the Motion. Based on the government's showing in support of the Petition and Williamson's failure to appear and show cause why an order should not issue, I recommend that the court grant

---

[1] There are references in the record to the respondent as "Susanne," but the petitioner has not filed any motion for correction, and I am thus guided by the court's docket, which is consistent with the caption of the Petition. *Id*.

1

the Petition and order Williamson to comply with the summons within seven days of the court's order.[2]

### I. Background

The Petition is supported by the Declaration of Revenue Officer Meredith West, which is attached thereto as Exhibit B and made under penalty of perjury. Attached to the Petition as Exhibit A are the associated summons and certificate of service. On the strength of the *prima facie* showing set forth in the declaration, I ordered Williamson to appear before the court on May 30, 2018, to show cause why she should not be compelled to comply with the summons. *See* ECF No. 3.

On May 29, 2018, the government moved to continue that hearing, stating that the IRS revenue officer assigned to the case had spoken to Williamson by telephone and that, although Williamson had indicated a willingness to comply with the IRS summons, she was unable to appear for the scheduled hearing. *See* ECF No. 4 at 1, ¶¶ 3-4. I granted that motion, and the hearing was reset for June 28, 2018. *See* ECF Nos. 5-6.

On June 26, 2018, the government filed a second motion to continue the hearing, stating that the IRS revenue officer had met with Williamson and, although a second meeting was expected to occur that day or the following day, Williamson needed further time to comply fully with the summons. *See* ECF No. 7 at 2, ¶¶ 5-6. I granted the second motion, and the hearing was reset for August 28, 2018. *See* ECF Nos. 8-9.

---

[2] An order enforcing an IRS summons is a dispositive remedy requiring *de novo* review by an Article III judge. *See, e.g.*, *United States v. Corriveau*, No. 2:09-mc-127-P-S, 2009 WL 3049791, at *3 n.2 (D. Me. July 30, 2009) (rec. dec., aff'd Aug. 21, 2009). *See also United States v. Bell*, 57 F. Supp.2d 898, 905 (N.D. Cal. 1999).

On August 22, 2018, the government filed a third and "final" motion to continue the hearing, stating that Williamson had ceased to have further contact or communications with the IRS revenue officer and appeared virtually certain not to appear for the August 28 hearing. *See* ECF No. 10 at 2, ¶¶ 4-5. The government sought a two-week continuance to allow Williamson a final opportunity to comply with the summons. *See id*. at 2, ¶ 5. I granted the third motion, and the hearing was reset for September 17, 2018. *See* ECF Nos. 11-12. After Williamson failed to appear at the hearing, the government filed its motion seeking a recommended decision that the court enforce the summons. *See* Motion; [Proposed] Recommended Order Enforcing Internal Revenue Service Summons (ECF No. 13-1), attached thereto.

## II. Discussion

This matter comes before the court pursuant to 26 U.S.C. §§ 7402(b) and 7604, which confer jurisdiction on the district court to enforce an IRS summons by compelling a person to appear, testify, and produce books, papers, and other documents or data in response to an administrative summons. The only jurisdictional prerequisite is that the person must reside in, or be found in, the district. *See* 26 U.S.C. § 7402(b). Williamson resides in Jefferson, Maine. *See* Petition at 1, ¶ 3.

In order to obtain enforcement of an IRS administrative summons, the government need demonstrate only

> that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the [IRS] Commissioner's possession, and that the administrative steps required by the [Internal Revenue] Code have been followed – in particular, that the "Secretary or his delegate," after investigation, has determined the further examination to be necessary and has notified the taxpayer in writing to that effect.

3

*United States v. Powell*, 379 U.S. 48, 57-58 (1964). *See also Copp v. United States*, 968 F.2d 1435, 1437 (1st Cir. 1992). An IRS administrative summons may not be issued solely for the purpose of aiding in a criminal investigation. *Id.*

If this showing is made, the burden effectively shifts to the respondent to demonstrate good cause for a failure to comply with the summons; for example, that "the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." *Powell*, 379 U.S. at 58.

I determined that the representations set forth in Revenue Officer West's declaration satisfied the government's *prima facie* burden and, accordingly, ordered Williamson to appear and show cause why she should not be required to comply with the summons. By failing to appear or respond to the third and final show cause order in any manner, Williamson has failed to demonstrate any basis to question the propriety of the summons or otherwise resist it. Having failed to satisfy her burden on the order to show cause, Williamson must comply with the summons. *See, e.g., United States v. Kis*, 658 F.2d 526, 538-39 (7th Cir. 1981).

### III. Conclusion

Based on the government's showing in support of the Petition and Williamson's failure to carry her burden on the order to show cause, I recommend that the court (i) find that the government has complied with all statutory requirements necessary to support the administrative summons and that Williamson has unjustifiably failed to comply with the same, (ii) grant the Petition, (iii) order Williamson, with respect to the relevant summons tax periods, to produce the requested documents (*i.e.*, the documents described in the summons) to IRS Revenue Officer Meredith West, or any other officer of the IRS, at the office of the IRS, 220 Maine Mall Road,

South Portland, Maine 04106, within seven days of the court's order, and (iv) caution Williamson that failure to comply with the court's order within the deadline set in that order could result in a finding that she is in contempt of court.[3]

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 4th day of October, 2018.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[3] Williamson could be subjected to arrest for purposes of a compulsory hearing pursuant to 26 U.S.C. § 7604(b). *See, e.g.*, *Corriveau*, 2009 WL 3049791, at *2. However, at this time, the government has simply requested an order directing Williamson to comply with the summons.